627 F.2d 881
 105 L.R.R.M. (BNA) 2427, 89 Lab.Cas. P 12,216
 LANDY PACKING COMPANY, Northwestern Hide Processing Co.,
Inc. and Northwestern By-Products Co., Appellants,
v.
AMALGAMATED MEAT CUTTERS AND FOOD HANDLERS OF NORTH AMERICA,
AFL-CIO DISTRICTLOCAL 653-653A, Appellee.
 No. 80-1030.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 13, 1980.
Decided Aug. 19, 1980.
 
 Arthur Carter, Tate, Bruckner & Sykes, Lincoln, Neb., for appellant.
 Stephen D. Gordon, Robins, Davis & Lyons, St. Paul, Minn., argued for appellee; Jan D. Halverson, St. Paul, Minn., on brief.
 Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and HANSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 This is an action brought by Landy Packing Company (Company) under the Labor Management Relations Act, 29 U.S.C. § 185, seeking to vacate an arbitration award. The district court granted summary judgment on the counterclaim of the Amalgamated Meat Cutters and Food Handlers, (Union) enforcing the arbitration award. The Company now appeals.
 
 
 2
 Landy Packing Co. entered into collective bargaining agreements with the Union from October 1971 to October 1976. Under these agreements the terms of a trust fund agreement were incorporated requiring the Company to make contributions to a trust fund for employees covered by the agreements who worked more than 25 hours a week. The Company refused payment to the trust fund because (1) it was not signatory to the trust agreement[1] and (2) the bargaining unit did not include approximately 150 construction workers for whom contributions were claimed.
 
 
 3
 After a number of delays the matter was submitted to arbitration. The arbitrator found that the express terms of the collective bargaining agreements provided that the trust fund was part of each bargaining agreement and that the construction workers were covered by the bargaining agreements.
 
 
 4
 The district court found that the dispute was subject to arbitration, that the arbitrator's decision was drawn from the essence of the agreements, and that the arbitrator's interpretation of the contract must be enforced. The district court also deferred to the arbitrator's award under the agreements for attorney fees and costs.
 
 
 5
 We enforce the award on the basis of the district court's opinion.
 
 
 6
 We note additionally that this dispute commenced in state court in 1975. We find it obvious the Company has done everything humanly possible to delay these proceedings since that time. When the original suit was removed by the Company to federal court the Company argued before Chief Judge Devitt that the suit should be dismissed and submitted to arbitration. On this basis Judge Devitt dismissed the action on July 29, 1976. Thereafter, the Company refused arbitration and in November 1976 suit was brought to compel arbitration. The Company later sought an injunction to stop arbitration. This was denied and arbitration was finally completed on August 17, 1978. On August 31, 1978, the Company filed a unit clarification petition with the NLRB to exclude the construction workers. The Regional Director dismissed the petition, and the Company sought review. The NLRB reinstated the petition and directed the Regional Director to develop record evidence on the question. In the meantime, the Company had brought the present action to vacate the arbitrator's award, partly on the grounds that the arbitrator lacked power to arbitrate the dispute. This claim is directly contrary to the Company's defense made before Judge Devitt in 1976. After the unit clarification petition was reinstated, the Company sought to stay the District Court proceeding pending resolution of the unit clarification petition. The Union then prospectively waived its claim to representation of the construction employees. The stay was then denied. On the basis of the Union's prospective disclaimer, the NLRB Regional Director determined that the unit did not include the casual construction employees. If the collective bargaining agreements did not provide the Union with attorney fees and costs, we would remand to the district court for consideration of bad faith and for an award of attorney fees to the Union from the Company and its attorneys. See Roadway Express, Inc. v. Piper, ---U.S. ----, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).
 
 
 7
 The arbitrator has concluded that the agreements and the trust fund entitled the Union to recover attorney fees and costs necessary to recover delinquent accounts. We agree with that conclusion.[2] We award an additional $2,500 in attorney fees and costs on this appeal.
 
 
 8
 It is so ordered.
 
 
 
 *
 William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation
 
 
 [1]
 Title 29 U.S.C. § 186(c)(5)(B) requires that "the detailed basis on which such payments are to be made is specified in a written agreement with the employer . . . ." 29 U.S.C. § 186(c)(5)(B)
 
 
 [2]
 The claim that in the event of default the trust fund agreement allows only attorney fees and costs to the trust fund rather than the Union is spurious. The collective bargaining agreement to which the Union was signatory specifically incorporates the terms of the trust fund agreement